STATE OF MAINE                                  UCD: MACHIAS
WASHINGTON, ss                                  DOCKET NO. CR-17-050


STATE OF MAINE                      )
                                    )
                                    )
                                    )
                                    )
vs                                  )        DECISION AND ORDER
                                    )
                                    )
                                    )
                                    )
                                    )
TYLER B. DAVIS                      )
                       Defendant    )

The Defendant, Tyler B. Davis, is charged with Engaging in Activities While Under
Suspension, Title 12, MRSA §6406. A jury waived trial was held on May 18, 2017 at
which the parties stipulated to the following facts.

## FACTS

Defendant had previously possessed a license for shellfish, or clamming. He committed
some form of clamming violation for which he was assessed a fine. The Defendant failed
to pay that fine and his shellfish/clamming license was suspended by the Department of
Marine Resources.[1]

On December 27, 2016, while his shellfish license was still under suspension, the
Defendant was working as a stern man on a scallop boat.[2] The boat and its caption were
properly licensed. The State and Defendant agree that no form of license is required to
work as a stern man on a scallop boat. The State however asserts that the Defendant was
none-the-less prohibited from working as a stern man due to his suspended shellfish
license.

## DISCUSSION

---

[1] A copy of the Notice of Suspension issued to the Defendant was not admitted into
evidence, but the Defendant acknowledged he knew his shellfish license had been
suspended.

[2] Admitted as Exhibit 1 is Certificate of Authenticity which inidicates that on December
27, 2016 the Defendant's right to obtain *all* Department of Marine Resources licenses
was under suspension. See Footnote 1; there is no evidence in this record that the
Defendant was given notice that *all* licenses had been suspended.

1

The charge brought against the Defendant by the Complaint dated January 30, 2017 is Engaging in Activities While Under Suspension, Title 12, MRSA § 6406. By a Complaint dated January 30, 2017 it is alleged that "On or about December 27, 2016, in Lubec, Washington County, Maine, Tyler B Davis, did, when his license or right to obtain a license was under suspension, engage in a licensed activity. " Section 6406(1)(A) states "It is unlawful for any person whose license or right to obtain a license is under suspension to engage in any licensed activity." The critical question for this case is whether working as a stern man is "engaging in any licensed activity."

In its argument at trial, the State points to Title 12, MRSA §6702. Section 6702(1)- License Required states:

> a person may not use a boat for dragging for scallops in the State's territorial waters unless that person holds a scallop dragging license issued by the commissioner and that boat is identified on the license.

Section 6702(2) -Licensed activity states:

> A person licensed under this section may use the boat identified on the license to drag for scallops in the State's territorial waters and possess, ship, sell or transport shucked scallops taken under the license. *The license also authorizes the captain and crew members aboard the boat identified on the license when engaged in dragging for scallops to undertake those activities, except that the captain and crew members may not fish for or take scallops if the license holder is not aboard that boat...*

So, Section 6702 does require a license for a person to use a boat for dragging of scallops, and if licensed, that person may use the licensed boat and the captain and crew members aboard the licensed boat may engage in the activities related to dragging for scallops. The State asserts that those related activities performed by a stern man, even though no license is required to be a stern man, is the type of "licensed activity" a person with a suspended license is prohibited from doing pursuant to Title 12, MRSA § 6406.

The Court does not agree. The license requirement of Section 6702 applies to a person who desires to use a boat for dragging scallops, and that person who possesses the license must be on the scallop dragging boat unless one of the exemptions of subsection 2-A apply. A violation of Section 6702 results in a civil offense with a fine imposed on the person who held the license, not the crewmembers on board the boat. A stern man on a scallop boat does not need a license. A stern man is not the person who can be fined for a Section 6702 violation.

The charge brought against the Defendant in this case requires the State prove beyond a reasonable doubt that he "engaged in a licensed activity." Section 6406 (1)(A). The statute needs to be given a strict interpretation. As being a stern man does not require a license, the State has not proven that the Defendant engaged in a licensed activity.

2

Although the State did not charge the Defendant with a violation of Section 6406 (1)(E), that statute perhaps describes the offense the Defendant may have committed. Section 6406(1)(E) states it is unlawful for any person whose license is suspended to .... *assist any license holder as a crew member in any activity authorized by the suspended license.*

Section 6406(1)(E) makes it unlawful for a person whose license is suspended to assist any license holder as a crew member, but only *in any activity authorized by the suspended license.* Section 6406(1)(E) as written is intended to prohibit individuals with a suspended license for a particular activity from "backdooring" or avoiding their suspension by working as a crew member for another license holder in the same field as that which a person is suspended from. But again, the prohibition from working as a crew member does not apply broadly to all types of licensed activities; it is applicable only to the activity authorized by the suspended license. In this case, the parties stipulated that it was Defendant's shellfish license that was under suspension. The evidence does include Exhibit 1, the Certificate of Authenticity, that indicates *all* license were under suspension, but the record is void as to whether the Defendant was properly on notice that *all licenses* were suspended. The Defendant only acknowledged his shellfish(clamming) license had been suspended. But more importantly, the Defendant was not charged with a Section 6406(1)(E) violation of assisting a license holder as a crew member in any activity authorized by the suspended license. He was charged with a Section 6406(1)(A) violation of engaging in a licensed activity while under suspension.[3]

In summary, the Court finds that the State has not proven beyond a reasonable doubt that the Defendant is guilty of engaging in a licensed activity while under suspension; the Defendant is found not guilty.

Dated: May 25, 2017

Justice, Superior Court

---

[3] Rule 3 of the Maine Rules of Unified Criminal Procedure require the complaint be a plain, concise, and definite written statement of the essential facts constituting the crime charged. It is well established rule that the charging instrument must set out on its face every essential element of the crime charged. *State v. Stanley,* 115 A.3d 1236, 1237 (Me. 2015). The elements of a Section 6406 (1)(a) violation are significantly different from the elements of a Section 6406(1)(E) violation, the former having as an element *engaging in a licensed activity* while the latter has as elements *assisting a license holder as a crew member in an activity authorized by the suspended license.*

3